## Case No. 15,568.

### UNITED STATES v. LAUB.

[4 Cranch, C. C. 703.] [1]

Circuit Court, District of Columbia. March Term, 1836.[2]

SET-OFF — TRANSCRIPT FROM TREASURY BOOKS — DISBURSING OFFICER—SECONDARY EVIDENCE —INSTRUCTIONS TO JURY.

1. If there is any evidence in support of a credit claimed by the defendant, the court will not instruct the jury that the defendant is not entitled to such credit.

2. A transcript from the books of the treasury of the United States, charging the balance of a former settlement, is not, per se, evidence upon which the jury can find a verdict for the United States for such balance.

3. If a public disbursing officer has lost his vouchers without fault on his part, and he has produced the best secondary and presumptive evidence in his power, it is for the jury to find whether he has faithfully disbursed the public money which came to his hands.

4. If a document be read by the defendant, by consent, containing a statement of the defendant's conversations, the court will not instruct the jury that such conversations are not evidence of the facts therein stated.

Assumpsit, to account for public money received by the defendant [Andrew M. Laub] for certain purposes. The United States claimed a balance of $11,855.86, unaccounted for. The defendant claimed credits for certain items to the same amount. By the burning of the treasury offices all his vouchers were destroyed; he being an officer in the treasury department, and having left his vouchers in his desk on the 31st March, 1833, the night of the fire. The defendant having offered some evidence in support of his claim for certain items of credit,

Mr. Key, for the United States, prayed the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 12 Pet. (37 U. S.) 1.]

court to instruct the jury that the defendant was not entitled to credit for those items; which instruction THE COURT (THRUSTON, Circuit Judge, contra) refused to give.

THE COURT (THRUSTON, Circuit Judge, contra) instructed the jury, at the prayer of Mr. Coxe, the defendant's counsel, that the account from the treasury department upon which a balance appears against the defendant of $7,769.25, is not, per se, evidence upon which the jury can find a verdict against the defendant for the items in the same which appear to be balances on former settlements. And further (THRUSTON, Circuit Judge, contra) instructed the jury that if from the evidence, they should believe that the defendant had faithfully paid over, for public purposes and within the sphere of his official duty, all the public money which came to his hands, then the plaintiff is not entitled to recover.

The defendant's counsel, with the consent of the attorney of the United States, having read certain parts of a public document, No. 22, containing certain affidavits taken by order of the president, in relation to the burning of the treasury offices, and stating conversations between the defendant and Mr. Ashbury Dickens and Mr. McLane; and after other evidence had been given by the defendant; prayed the court to instruct the jury that the conversations of the defendant with Mr. Dickens and Mr. McLane, read from that executive document by the defendant's counsel, are not evidence to the jury of the facts stated by the said defendant in the said conversations.

Which instruction, THE COURT (THRUSTON, Circuit Judge, contra) refused to give.

Verdict for the defendant. Affirmed by the supreme court of the United States. 12 Pet. [37 U. S.] 1.